Pro Se 2 (Rev. 12/16) Complaint for a Civil Case

**FILED**

JUL 1 1 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHER DISTRICT OF CALIFORNIA

**CV 25-5816**

SK

SHEILA HALOUSEK,

Plaintiff,

v.

THE STATE OF CALIFORNIA, THE SACRAMENTO COUNTY SHERIFF'S OFFICE AND

Defendants

Case No.:

COMPLAINT FOR A CIVIL CASE

## I.    The Parties to this Complaint

### A.  The Plaintiff(s)

Sheila Halousek
1388 Haight Street, Unit #283
San Francisco, CA 94117
Phone: (916) 553-1041 (Text Only)
shalousek@sbcglobal.net

### B.  The Defendants(s)

**Defendant Number 1**
State of California
As represented by: Department of Justice
Office of the Attorney General
1300 "I" Street
Sacramento CA 95814-2919
Phone: (916) 445-9555
AGelectronicservice@doj.ca.gov

**Defendant Number 2**
Sacramento County Sheriff's Office
As represented by: Office of the Inspector General
Office of Inspector General
799 G Street, Room 747
Sacramento, CA 95814
By phone at (916) 876-4371

COMPLAINT FOR A CIVIL CASE - PAGE 1

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case

====================================================================================

**Defendant Number 3**
Sacramento County Sheriff Deputy Christopher Lee Bliss
In Care Of:
Sacramento County Sheriff's Office, Internal Affairs Bureau
4500 Orange Grove Avenue
Sacramento, CA 95841
Phone: (916) 874-5098
InternalAffairs@sacsheriff.com

**Defendant Number 4**
Sacramento County
As Represented by: Barry Chamberlain, Code Enforcement Chief
2880 Gold Tailings Ct
Rancho Cordova, CA 95670
Phone: (916) 876-8590
chamberlainb@saccounty.gov
Phone: (916) 851-8770
SacCode@SacCounty.gov

**Defendant Number 5**
Carol Miller Justice Center: Sacramento Superior Court
301 Bicentennial Circle, Room 100
Sacramento, CA 95826
Phone (916) 875-7800
www.saccourt.ca.gov/Traffic

As represented by:
Lee Edward Seale, Chief Executive Officer
Superior Court of CA, Sacramento County
720 9th Street
Sacramento, CA 95814-1302
Phone: 916-874-8051
sealel@saccourt.ca.gov

**Defendant Number 6**
Commissioner Helfer
Carol Miller Justice Center
301 Bicentennial Circle, Room 100
Sacramento, CA 95826
Phone (916) 875-7800
www.saccourt.ca.gov/Traffic

COMPLAINT FOR A CIVIL CASE - PAGE 2

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
=================================================================================

II.    **Basis for Jurisdiction and Discussion of other Authorities**

***Federal Matter.*** This case involves **a federal question** that of application of federal civil law and relief from violations thereof. Plaintiffs assert claims **under the due process and equal protection clauses of the Fourteenth Amendment to the U.S. Constitution**. Under the Eleventh Amendment, a person, who is a citizen of that state, can bring suit in federal court if the lawsuit is against a state and a state's subdivisions, like its counties or cities and where a state breaks a federal law, the federal court can order that state's officials to comply with the law. For example, in the mater of *Martin v. Voinovich*, 840 F. Supp. 1175 (S.D. Ohio 1993), wherein the District Court rendered a decision ordering Ohio's governor to build housing for handicapped people. This decision was the result of the state's refusal to comply with the Americans with Disabilities Act.

See also **28 U.S.C. § 1331 - Federal question. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."** Plaintiff brings this complaint for damages against the State of California and its subdivisions for violations of Plaintiff's Federal Civil Right to Due Process and equal protection under the law as required by the United States Constitution in the Fifth and Fourteenth Amendments.

***Federal Jurisdiction*** – First under Article III of the Constitution, federal courts can hear **"all cases, in law and equity, arising under this Constitution, [and] the laws of the United States..."** US Const, Art III, Sec

COMPLAINT FOR A CIVIL CASE - PAGE 3

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
===================================================================

2. **The Supreme Court has interpreted this clause broadly, finding that it allows federal courts to hear any case in which there is a federal ingredient.** *Osborn v. Bank of the United States*, 9 Wheat. (22 U.S.) 738 (1824). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." **28 U.S.C. § 1331 - Federal question.** "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." **A federal court always has the authority to determine its own jurisdiction**. See *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (citing *United States v. Mine Workers of America*, 330 U.S. 258, 291 (1947)), "it is familiar law that a federal court always has jurisdiction to determine its own jurisdiction." Appellant's claim is also a federal matter under the **Fourteenth Amendment**, which expressly stipulates, **"No State** shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; **nor shall any State deprive any person of life, liberty, or property, without due process of law**; **nor deny to any person within its jurisdiction the equal protection of the laws.**" Note, this Amendment expressly addresses states, not counties or cities, as the responsible party, making **states** liable for such transgressions, meaning **states** can be directly sued under violations of this Amendment.

The First Amendment – **"Congress shall make no law** respecting an establishment of religion, or prohibiting the free exercise thereof; or **abridging** the freedom of speech, or of the press; or **the right of the people** peaceably

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
======================================================================

to assemble, and **to petition the government for a redress of grievances**."

See also *Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983),

reaffirming that "the right of access to the courts is an aspect of the First

Amendment right to petition the Government for redress of grievances."

**The Fourth Amendment** - Unreasonable Search and Seizure, "**The right**

**of the people to be secure in their persons, houses, papers, and effects,**

**against unreasonable searches and seizures, shall not be violated**, and

no Warrants shall issue, but upon probable cause, supported by Oath or

affirmation, and particularly describing the place to be searched, and

the persons or things to be seized."

Pursuant to the **Fifth Amendment, "No person shall** ... **be deprived of**

**life, liberty, or property, without due process of law**; nor shall private

property be taken for public use, without just compensation."

**Fourteenth Amendment Section 1. "**All persons born or naturalized in

the United States, and subject to the jurisdiction thereof, are citizens of the

United States and of the State wherein they reside. **No State shall make or**

**enforce any law which shall abridge the privileges or immunities of**

**citizens of the United States; nor shall any State deprive any person of**

**life, liberty, or property, without due process of law; nor deny to any**

**person within its jurisdiction the equal protection of the laws**."

**42 U.S. Code § 1983 - Civil action for deprivation of rights**, "Every

person who, under color of any statute, ordinance, regulation, custom, or

usage, of any State or Territory or the District of Columbia, subjects, or

COMPLAINT FOR A CIVIL CASE - PAGE 5

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
================================================================

causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress..." See *Carey v. Piphus*, 435 U.S. 247, 266–67 (1978), which held that, **"[t]he basic purpose of a § 1983 damages award <u>is to compensate persons for injuries caused by the deprivation of constitutional rights</u>,"** and that "<u>[b]ecause the right to procedural due process is "absolute" in the sense that it does not depend upon the merits of a claimant's substantive assertions</u>, and because of the importance to organized society that procedural due process be observed, <u>the denial of procedural due process should be actionable .... without proof of actual injury</u>." Also, in *Lopez v. Smith,* 203 F.3d 1122, 1129, the US Court for Appeals, did "conclude that [the Plaintiff] presented sufficient evidence to support a finding. .... Accordingly, the grant of summary judgment is reversed." See also *Joint Anti-Fascist Refugee Committee v. McGrath,* 341 U.S. 123 (1951), which held, **"the judgments are reversed, and the cases are remanded to the District Court with instructions to <u>deny the motions that the complaints be dismissed for failure to state claims upon which relief could be granted</u>."**

**<u>42 U.S. Code § 1983 was established on April 20, 1871</u>** as part of the Civil Rights Act of 1871, also known as the Ku Klux Klan Act; it was designed to be all inclusive in order to protect newly freed slaves from discriminatory

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case

practices in the South following the Civil War. See **22 U.S. Code § 1641 Definitions**, 1) **"Person" means** a natural person, partnership, association, other unincorporated body, corporation, or **body politic.**" According to Britannica, **body politic is defined**, "in Western political thought, an ancient metaphor by which **a state, society, or church and its institutions** are conceived of as a biological (usually human) body." **Section 1641 of the United States Code was part of the Appendix to Title 50, War and National Defense, when it was enacted on August 26, 1954**. The act that established this section is also known as the Mutual Security Act of 1954. Plaintiff believes and contends that this was enacted to also bring clarity on the definition of a person under 42 U.S. Code § 1983 as well as other law, to explicitly include government entities, both individual states and their subdivisions, as was originally intended.

Also, California Law concurs with this definition as: according to 2024 California Code, Civil Code – CIV, DIVISION 4 - GENERAL PROVISIONS, PART 5.3 - Commercial and Industrial Common Interest Developments, CHAPTER 1 - General Provisions, ARTICLE 2 – Definitions, Section 6560: ""**Person" means a natural person, corporation, government or governmental subdivision or agency**, business trust, estate, trust, partnership, limited liability company, association, **or other entity**." Plaintiff interprets the above to mean any identifiable organization or entity, government or otherwise, is a person under the law<u>s</u> quoted above and

COMPLAINT FOR A CIVIL CASE - PAGE 7

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case

===========================================================================

below. Accordingly, the state of California is self-defined as a "person" under the law.

As above, 42 U.S. Code § 1983 was designed to protect people from unwarranted or overreaching government action.

Examples include:
Freedom of speech and petition the government for a redress of grievances (First Amendment)
Freedom of religion (First Amendment)
Freedom of the press (First Amendment)
Freedom from unreasonable searches and seizures (Fourth Amendment)
The **right to a fair trial** (due process) (Fifth Amendment and Fourteenth Amendment)

In *Chisholm v. Georgia*, the U.S. Supreme Court permitted the lawsuit brought by **an <u>out-of-state resident</u> against the state of Georgia**. The court held Georgia did not have sovereign immunity in this case. In response to this case, the <u>Eleventh Amendment was passed by Congress on March 4, 1794, and ratified by the states on February 7, 1795</u>.

However, some years later, <u>on April 20, 1871, 42 U.S.C. § 1983 was passed</u> to explicitly detail rights for private citizens under federal law to initiate lawsuits against states and their agents. [As the limitations in the 11th Amendment contradicts the First Amendment, Plaintiff believes and contends that these aspects should be repealed.]

A significant element of the constitutional requirement for due process is case precedents, see *Procedural Due Process Civil,* for a comprehensive review of this subject by Justia; which can be found at

<u>https://law.justia.com/constitution/us/amendment-14/05-procedural-due-</u>

COMPLAINT FOR A CIVIL CASE - PAGE 8

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case

=================================================================================

process-civil.html; quoting from this document, "**The Requirements of Due Process.** (3) Impartial Tribunal. Just as in criminal and quasi-criminal cases, [*Tumey v. Ohio*, 273 U.S. 510 (1927)); *In re* Murchison, 349 U.S. 133 (1955)] an impartial decisionmaker is an essential right in civil proceedings as well. [*Goldberg v. Kelly*, 397 U.S. 254, 271 (1970)] "The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law ... At the same time, it preserves both the appearance and reality of fairness ... by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him." [*Marshall v. Jerrico*, 446 U.S. 238, 242 (1980); *Schweiker v. McClure*, 456 U.S. 188, 195 (1982)]." In Plaintiff's opinion, the state court system, as subdivisions of the state, are neither independent, impartial, or unbiased with regard to suits against that state or its subdivisions. Accordingly, Plaintiff's is contending that federal jurisdiction is her only impartial and unbiased forum to seek vindication of the violation of her U.S. constitutional civil rights by the State of California and their subdivisions, and that accordingly, this court has a duty to so provide a venue.

**Limited State Immunity - Eleventh Amendment: Lawsuits Against States,** (Which was passed by Congress on March 4, 1794, and ratified by the states on February 7, 1795.) – "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
==================================================================================

prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." **Since Plaintiff is not a citizen of another state nor a subject of a foreign state, but a California citizen, this limited immunity is not applicable to her and irrelevant, in her opinion. Regardless, see additional discussion below.**

Under the Eleventh Amendment, a person, who is a citizen of that state, can bring a state lawsuit in federal court if the lawsuit is against a state and / or a state's subdivisions, like its counties or cities and where a state breaks a federal law, the federal court can order that state's officials to comply with the law. For example, in the mater of *Martin v. Voinovich*, 840 F. Supp. 1175 (S.D. Ohio 1993), wherein the District Court rendered a decision ordering Ohio's governor to build housing for handicapped people. This decision was the result of the state's refusal to comply with the Americans with Disabilities Act.

The Court has consistently refused to extend Eleventh Amendment sovereign immunity to counties, cities, or towns, [*Northern Insurance Company of New York v. Chatham County*, 547 U.S. 189, 193 (2006) (counties have neither Eleventh Amendment immunity nor residual common law immunity). See *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977); Moor v. County of *Alameda*, 411 U.S. 693 (1973); *Workman v. City of New York*, 179 U.S. 552 (1900); *Lincoln County v. Luning*, 133 U.S. 529 (1890)] even though such political subdivisions exercise a "slice of state power." [*Lake County Estates v. Tahoe Regional Planning Agency*, 440 U.S.

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
================================================================

391, 400–01 (1979)] Even when such entities enjoy immunity from suit under state law, they do not have Eleventh Amendment immunity in federal court and the states may not confer it. [*Chicot County v. Sherwood*, 148 U.S. 529 (1893)] see *Suits Against States,* by Justia; which can be found at, **https://law.justia.com/constitution/us/amendment-11/03-suits-against-states.html.**

To reiterate, in emphasis, states cannot shield their malfeasance with an argument of the shred of immunity provided under Amendment Eleven, as they can and should be held accountable. (Note, 42 U.S.C. § 1983 was passed on April 20, 1871, much latter then the Eleventh Amendment, which was passed by Congress on March 4, 1794, and ratified by the states on February 7, 1795, and was accomplished to ensure that States and their subdivisions could be sued for violations of the law.)

For in-depth consideration of the matter: see *Reconciling State Sovereign Immunity with the Fourteenth Amendment,* Harvard Law Review, Volume 129, Issue 4, February 2016; this document [Note] can be downloaded at **https://harvardlawreview.org/print/vol-129/reconciling-state-sovereign-immunity-with-the-fourteenth-amendment/.** See also, *Sovereign Immunity and the Supremacy Clause: Damages against States in Their Own Courts for Constitutional Violations,* by Louis E. Wolcher, March 1981, California Law Review, Volume 69, Issue 2, this document can be downloaded at **https://lawcat.berkeley.edu/record/1111598?v=pdf.** See pages 192 and 193 of the afore mentioned document, "This Article explores the problem of

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case

vindicating federal constitutional rights in state courts. **Considering especially federal civil rights legislation, the lower federal courts would seem to have a very broad jurisdiction in most such cases.** [Page 192, [Note] 12.  42 U.S.C. § 1983 (Supp. III 1979) (originally enacted as Civil Rights Act of 1871, 17 Stat. 13) provides, in part: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.... Federal district courts have jurisdiction to enforce constitutional claims asserted under § 1983 without regard for the amount in controversy. 28 U.S.C. § 1343(3) (1976). And as the Court expansively held in *Lynch v. Household Fin. Corp.*, 405 U.S. 538, 543-44 n.7 (1972): "Despite the different wording of the substantive and jurisdictional provisions, **when the § 1983 claim alleges constitutional violations, § 1343(3) provides jurisdiction** and both sections are construed identically."] And, in fact, federal courts exercising the power given to them by Congress have vastly altered and reshaped state institutions to conform them to the mandates of the Constitution and to remedy past constitutional wrongs. [Page 192 & 193, [Note] "13. **Ever since the Court in *Brown v. Board of Educ.*, 349 U.S. 294, 301 (1955) ordered the desegregation of public schools "with all deliberate speed," federal courts have enforced**

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case

**constitutional mandates to the states in a variety of contexts by structural remedies having an enormous impact on how state government is run and how public resources are allocated.'**] Page 192 & 193, **"Their role in enforcing the Constitution <u>against recalcitrant state governments</u> has been and continues to be primary."** [Page 193, [Note] "14. Most authorities seem to agree that the prime movers in the federal civil rights explosion that has occurred in this country since the mid-1950's have been, and ought to be, federal courts. See Note 13 supra; Wisdom, *The Friction making, Exacerbating Political Role of Federal Courts*, 21 Sw. L.J. 411, 418 (1967). The Supreme Court gave legitimacy to this view in its construction of the basic civil rights statute, 42 U.S.C. § 1983 (1976), in *Mitchum v. Foster*, 407 U.S. 225, 242 (1972): Congress clearly conceived that it was altering the relationship between the States and the Nation with respect to the protection of federally created rights; it was concerned that state instrumentalities could not protect those rights; it realized that state officers might, in fact, be antipathetic to the vindication of those rights; <u>and it believed that these failings extended to the state courts</u>. Section 1983 was thus a product of a vast transformation from the concepts of federalism that had prevailed in the late 18th century .... **The very purpose of §1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights--to protect the people from unconstitutional action** under color of state law, "whether that action be legislative, executive or judicial." Ex parte Virginia, 100 U.S. [339,] 346."]

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case

(Note, 42 U.S.C. § 1983 was passed on April 20, 1871, much latter then the Eleventh Amendment, which was passed by Congress on March 4, 1794, and ratified by the states on February 7, 1795, and was accomplished to ensure that States and their subdivisions could be sued for violations of the law.)

As referenced above, Plaintiff's suit is further supported by **28 U.S. Code § 1343 - Civil Rights and Elective Franchise**

"(a)The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

COMPLAINT FOR A CIVIL CASE - PAGE 14

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
===========================================================================

Also refer to, *Reconciling State Sovereign Immunity with the Fourteenth Amendment,* Harvard Law Review, page 1068. In the United States, "federal law is "supreme" and binding on state courts, "any Thing in the Constitution or Laws of any state to the Contrary notwithstanding." As courts of general jurisdiction, state courts are presumed to be available to hear claims for relief under federal law, including claims against the states themselves. **However, this overlapping does not preclude or exclude federal jurisdiction.**

*Reconciling State Sovereign Immunity with the Fourteenth Amendment,* Harvard Law Review, page 1070, "This Note argues that one of the few limits on state sovereign immunity the Court has repeatedly affirmed — congressional abrogation under ... the Fourteenth Amendment ..... In *Fitzpatrick v. Bitzer,* 427 U.S. 445 (1976), the Court recognized that the Fourteenth Amendment marked a fundamental shift in the federal-state relationship. As a result of that shift, **state sovereign immunity must give way in the face of congressional action under ... of the Fourteenth Amendment.** This Note claims that the outcome should be no different where the Fourteenth Amendment acts of its own force — namely, **in takings** and tax refund contexts. ....[Also,] that *Fitzpatrick*'s reasoning demands a broader abrogation of state sovereign immunity under the Fourteenth Amendment than currently understood."

With regards to state sovereign immunity and exceptions, one in particular stands out: Congress's power to abrogate state sovereign immunity. The Supreme Court first announced that power in *Fitzpatrick,* where the Court

COMPLAINT FOR A CIVIL CASE - PAGE 15

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case

============================================================================

singled out the Fourteenth Amendment as a basis for expanding Congress's abrogation power *Fitzpatrick* has endured since then, even after the Rehnquist Court cut back dramatically on Congress's authority to abrogate state sovereign immunity under other provisions of the Constitution. Having weathered decades of doctrinal scrutiny and storm, *Fitzpatrick* continues to stand firmly for the proposition that the Fourteenth Amendment altered the federal-state balance in a way that allows Congress to neutralize state sovereign immunity in certain instances. the **Fourteenth Amendment sought to restrained the states directly by limiting their ability to, among other things, "deprive any person of life, liberty, or property, without due process of law." Second, it gave new powers to the federal government to enforce those limits through section 5, the Fourteenth Amendment's enforcement arm. The Constitution allows private litigants to bring suits to recover just compensation for unlawful takings.**

*Reconciling State Sovereign Immunity with the Fourteenth Amendment,* Harvard Law Review, pages 1075, bottom two paragraphs and 1076, top. "the Fourteenth Amendment "fundamentally altered the balance of state and federal power struck by the Constitution." The Court has relied on this balance-altering shift to explain why section 5 enables the federal government to override state sovereign immunity: "*Fitzpatrick* was based upon [the] rationale . . . that the Fourteenth Amendment, *adopted well after* the adoption of the Eleventh Amendment and the ratification of the Constitution, operated

COMPLAINT FOR A CIVIL CASE - PAGE 16

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
================================================================

to alter the pre-existing balance between state and federal power achieved by Article III and the Eleventh Amendment." By ratifying the Fourteenth Amendment, the states "surrender[ed] a portion of the sovereignty that had been preserved to them by the original Constitution," including their right to sovereign immunity."

*Reconciling State Sovereign Immunity with the Fourteenth Amendment* Harvard Law Review, page 1089. "The doctrine of state sovereign immunity is a constitutional puzzle, at once unmoored from the precise text of the Constitution and at the core of the federal-state balance enshrined therein. With a federal system that values both state autonomy and state accountability, trying to strike (and restrike) the appropriate balance between the two through the doctrine of state sovereign immunity may be a constant feature of the American legal order. But under the Court's current doctrine, a few things seem relatively clear. As Fitzpatrick recognized, the Fourteenth Amendment represents a fundamental reshaping of the federal state relationship — including the very structural postulates from which the Court has drawn its modern sovereign immunity doctrine. Thus, **when a state deprives a person of property without just compensation or refuses to refund tax monies unlawfully exacted, due process demands a remedy — state sovereign immunity notwithstanding. <u>Rights for which the Fourteenth Amendment itself provides a cause of action cannot be shielded from the courts;</u>"**

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
==================================================================================

"The one thing that is no longer admissible, if it ever was, is the notion that sovereign immunity bars all claims against the states, of whatever source and wherever litigated. Instead, the nature of the claim and the court where it is heard are both important, if not determinative, criteria, as the Court held in *Nevada v. Hall [440 U.S. 410 (1979)]* and *Maine v. Thiboutot* [100 S. Ct. 2502 (1980)]. It is now more appropriate than ever to reaffirm that state courts of general jurisdiction share with federal courts the duty to enforce the Constitution, and to recognize that duty is strongest of all when constitutional claimants have no other forum in which to vindicate their rights," *Sovereign Immunity and the Supremacy Clause: Damages against States in Their Own Courts for Constitutional Violations,* page 315 and 316.

See page 1475 second paragraph, of *Judicial Immunity at the (second) Founding: A New Perspective on § 1983* – Harvard Law Review [Volume. 136:1456]. "Ultimately, a rereading of the history of 42 U.S.C. § 1983, including its legislative history, and a comparison of 42 U.S.C. § 1983 to 18 U.S.C. § 242 reveal that the Court's decision in *Pierson v. Ray*, 386 U.S. (1967) rests on erroneous foundations. There is consensus that after the Civil War, judicial immunity was eliminated in the criminal context under the Civil Rights Act of 1866. Given that the Ku Klux Klan Act of 1871 considered the Civil Rights Act of 1866 to the utmost degree when imposing civil liability for violations of people's constitutional rights, and given that the Ku Klux Klan Act of 1871 was meant to be even broader than the Civil Rights Act of 1866,

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
================================================================

**42 U.S.C. § 1983 should therefore be understood to also eliminate judicial immunity**."

**18 U.S. Code Section 242** is a federal criminal statute that makes it a crime for a person acting "under color of any law" to deprive another of "any rights, privileges, or immunities secured or protected by the Constitution[.]" It has been contended that; "**there is no private right of action for violation of a criminal statute, which means that Plaintiff, as a private citizen, cannot bring a claim.**" **This is erroneous**, it is common knowledge that an ordinary citizen can make a citizen's arrest. California Penal Code § 837 PC permits any person to make a citizen's arrest if witnessing a misdemeanor or felony crime or have reasonable cause to believe someone committed a felony. This is explicitly a right of private action for violation of a criminal statute; since this is California Law, as state agencies, Defendants should be well aware of this explicit civil right. This is also a federal matter, which under the Federal Tort Claims Act (FTCA) enacted in 1946, which limited the government's sovereign immunity and enabled private citizens to be able to sue the government in a federal court for torts, or wrongdoings, committed by individuals who acted on the U.S. government's behalf. Federal tort law covers various offenses including: false imprisonment; which is based on the civil right for an arrest that is misapplied or unjustified [While this right is not fully extended to all citizens, it is broadly enough defined to include federal employees outside law enforcement, such as correctional / prison personnel.]; wrongful deportation, intentional infliction of emotional distress, and abuse of

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case

process. Abuse of process, simply put, occurs when a legal process is misused to serve an ulterior motive, such as: an improper purpose or ulterior motive at work, an act in the legal process that's not proper or typical. **Abuse of process also occurs, where the steps of due process are not followed.** For additional detail, see *The Federal Tort Claims Act (FTCA): A Legal Overview*, R45732, updated April 17, 2023, by Michael D. Contino and Andreas Kuersten, Legislative Attorneys: Congressional Research Service. This document is available at: **https://crsreports.congress.gov**.

Accordingly, it is a federal crime for individuals, as named above, acting under color of law, to deprive Plaintiff of her Constitutional rights. Consequently, as above, Plaintiff is arguing and insisting that this is also a right of private action for violation of a federal criminal statute and her claim under 18 U.S. Code §242 is valid and actionable.

### Constitutional Right to Due Process prior to Confiscation of Property

The Fourth Amendment - Unreasonable Search and Seizure, "**The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated**, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Generally, a search or seizure is illegal under the Fourth Amendment if it happens without consent, a warrant, or probable cause to believe a crime has been committed. **The Fourth Amendment does not provide an exception to the seizure of property, which is**

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
================================================================================

**explicitly protected, without adequate due process.** Plaintiff will concede that case precedent has developed a concept of, "under the community caretaking," police have "**appropriated**" the authority to remove from streets vehicles impeding traffic or threatening public safety. This means that after an accident, disabled vehicles can be moved off the road, to the side, or towed to their insurance company's collision center for repairs. Vehicles that block access can also be pushed out of the way, by first responders, highway maintenance, or utility crews. **This does not and should not constitute seizure or confiscation of property. Such situations constitute emergencies to public safety and represents an extremely narrow interpretation; in truth, exceptions to seizing property without adequate due process are not supported by any amendment and are unconstitutional.** Should officials actually need to seize and confiscate property, they **must** to follow the rules for due process as required under the law.

**The Fifth Amendment** provides, "No person shall …. be deprived of life, liberty, or property, without due process of law …." **All persons within the territory of the United States are entitled to its protection.** The Fifth Amendment specifically binds the Federal Government and coexists with other express provisions in the Bill of Rights guaranteeing fair procedure and non-arbitrary action, such as jury trials, grand jury indictments, and nonexcessive bail and fines, as well as just compensation. It has been held to

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
=========================================================================================

contain implicitly not only the standards of fairness and justness, but also to contain many guarantees that are expressly set out in the Bill of Rights.

**The Fourteenth Amendment**, "SECTION 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside. **No State shall** make or enforce any law which shall **abridge the privileges or immunities of citizens of the United States; nor** shall any State **deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws**." The Fourteenth Amendment specifically binds the states in providing the same standards. In that sense, the two clauses are not the same thing, but, insofar as they impose such implicit requirements of fair trials, fair hearings, and the like, which exist separately from, though they are informed by, express constitutional guarantees, the interpretation of the two clauses is substantially, if not wholly, the same. Finally, some Fourteenth Amendment interpretations have been carried back to broaden interpretations of the Fifth Amendment's Due Process Clause, such as, for example, the development of equal protection standards as an aspect of Fifth Amendment due process.

Regarding proper notice, service of the notice must be reasonably structured to assure that the person to whom it is directed receives it. Per *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), with regard to the requirement of proper notice, "an elementary and fundamental requirement of due process **in any proceeding** which is to be accorded

COMPLAINT FOR A CIVIL CASE - PAGE 22

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
==================================================================================

finality **is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.**" In *Jones v. Flowers*, 547 U.S. 220 (2006), (Where the state's certified letter, intended to notify a property owner that his property would be sold unless he satisfied a tax delinquency, was returned by the post office marked "unclaimed;" the state should have taken additional reasonable steps to notify the property owner, as it would have been practicable for it to have done so.) that for the party giving notice, the primary holding was that, **"upon discovering that .... notice has failed, it had the obligation to take further measures"** to effect notice. In *Goldberg v. Kelly*, 397 U.S. 254 (1970), "the fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean,* 234 U.S. 385 (1914), held, "in the present context **these principles require that a recipient have timely and adequate notice ....  and an effective opportunity to defend .... by presenting his own arguments and evidence orally. In addition, notice must be sufficient to enable the recipient to determine what is being proposed and what he must do to prevent the deprivation of his interest**." *Armstrong v. Manzo,* 380 U.S. 545 (1965), held that, "failure to give petitioner notice of the pending .... proceedings deprived him of his rights without due process of law." *Robinson v. Hanrahan,* 409 U.S. 38 (1972), held that, "the procedure followed here did not comport with due process requirements, as the State made no effort to provide Petitioner with notice 'reasonably calculated' to apprise him of the

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case

==================================================================

pendency of the .... proceedings." *Greene v. Lindsey*, 456 U.S. 444 (1982), held that, "in failing to afford appellees adequate notice of the proceedings against them before issuing final orders, .... the State deprived them of property without due process of law required by the Fourteenth Amendment."

In *Richards v. Jefferson County*, 517 U.S. 793 (1996), it was held that, "because petitioners received neither notice of, nor sufficient representation, that adjudication, as a matter of federal due process, may not bind them and thus cannot bar them from challenging an allegedly unconstitutional deprivation of their property."

Before any government may legitimately exercise control over persons and property, the state's jurisdiction must be perfected by an appropriate service of process that is effective to notify all parties of proceedings that may affect their rights, see *Mullane v. Central Hanover Bank & Trust Co.* Personal service guarantees actual notice of the pendency of a legal action, and has traditional been deemed necessary in actions styled *in personam, McDonald v. Mabee*, 243 U.S. 90 (1917). But, whether the action be *in rem* or *in personam*, **there is a constitutional minimum; due process requires, "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections,** *Mullane v. Central Hanover Bank & Trust Co.*

**Clarity is assisted by understanding the origin of the right to procedural due process. In *Arnett v. Kennedy*, 416 U.S. 134 (1974),**

COMPLAINT FOR A CIVIL CASE - PAGE 24

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
================================================================

**Justice Powell wrote, "That right is conferred not by legislative grace, but by constitutional guarantee."** This guarantee is expressly provided for, under both the Fifth and Fourteenth Amendments.

Notice, to be adequate **must** include enough time for defendants to, "mount their defenses and prepare their responses." Normally, that means the Notice must be received by the correct person leaving them enough time to secure counsel and then determine what must be done to protect the property interest threatened with confiscation. Therefore, a Notice of 72 hours to confiscate property does not comply with the adequate notice for due process required under the US Constitution to confiscate property. The guaranteed civil right to due process **is procedural**, without regards to the outcome or results. **Accordingly, the 72-Hour Notice document is illegal on its face; in the instant these documents were served on Plaintiff, her federal civil rights were violated. In that moment, without any further action, Plaintiff is already entitled to damages.**


### *Obstructing the sidewalk*

**Sacramento County Charter**

Code of Ordinances

Volume I

Ttl 1 General Provisions

Ttl 2 Administration and Personnel

Ttl 3 Revenue and Taxation

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
========================================================================

Ttl 4 Business Regulation

Ttl 5 Franchises

Ttl 6 Health and Sanitation

Ttl 7 Memorials

Volume II

Ttl 8 Animals

Ttl 9 Public Peace, Morals and Safety

Ttl 10 Vehicles and Traffic

Ttl 11 Airports

Ttl 12 Streets and Sidewalks

**Ch 12.12 OBSTRUCTION OF CORNERS, STREETS, AND SIDEWALKS**

§ 12.12.010 Obstructions at Public Street Intersections and Intersection

Elbows.

§ 12.12.020 Obstructions at Private Driveways and Public Streets.

§ 12.12.030 Exceptions.

**§ 12.12.035 Obstructions at Sidewalks, Pedestrian Pathways and Public Road Rights-of-Way. It is unlawful to set out**, install or maintain, or to allow the setting out, installation, or maintenance of **any of the following items on or along any sidewalk, pedestrian pathway, or street right-of-way**: basketball hoops; garbage or recycling cans placed on the street for collection **for a period greater than 72 hours in any one week; signs; hedges; structures; natural growths; fences; or other obstructions on any sidewalk, pedestrian pathway, or within the street right-of-way.** In

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
=================================================================================

addition, trees shall be maintained in such a manner that foliage remains trimmed to a minimum height of seven feet above any pedestrian walkway and fourteen and one-half (14.5) feet above any paved roadway or shoulder area. Items placed in the street for pickup and removal in connection with Neighborhood Cleanup Days are exempt from this provision.

(Ord. 1441 § 2, 2009)"

§ 12.12.045 Abatement Proceedings. Any activity contrary to the provisions of this chapter is unlawful and a public nuisance, and the Administrator of the Municipal Services Agency, or his or her authorized representative is authorized to commence in the name of the County actions or proceedings for the abatement and removal and enjoining thereof in the manner provided by law, and shall take such other steps and shall apply to such court or courts as may have jurisdiction to grant such relief as will abate and remove such operation and restrain and enjoin any person, firm or corporation from so operating.

**Sacramento Code of Ordinance [with regard to sidewalks]**

"Chapter 12.12

**ENCROACHMENT PERMITS, EXCAVATIONS, AND PLACEMENT OF FACILITIES IN PUBLIC RIGHTS-OF-WAY**

Sections:

Article I. In General

12.12.010    Definitions.

COMPLAINT FOR A CIVIL CASE - PAGE 27

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
==================================================================================

12.12.020   Encroachment permit required-Except emergencies.

12.12.030   Application requirements.

12.12.040   Permit-Issuance.

12.12.050   Compliance with safety regulations.

12.12.060   Cleaning up streets.

12.12.070   Failure to complete work within specified time.

12.12.080   All work to be under supervision of the director.

12.12.090   Blanket permits.

12.12.100   Liability of city.

12.12.110   Additional requirements.

12.12.120   Enforcement."


"Chapter 12.24

**SIDEWALK OBSTRUCTIONS AND PEDESTRIAN INTERFERENCE**

Sections:

12.24.010   Definitions.

12.24.020   Sidewalk obstructions.

12.24.030   Sidewalk benches-Permitted.

12.24.040   Sidewalk benches-Construction, maintenance, etc.

12.24.050   Sidewalk benches-Liability of city.

12.24.060   Temporary structures.

12.24.070   Violation-Penalty.

*   Prior history: prior code §§ 38.06.061-38.06.070-1.

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case

=================================================================

12.24.010   Definitions.

"City manager" means the city manager or designee.

"Director" means the director of public works or designee.

"Sidewalk" means the portion of the public right-of-way - including any landscaped areas - between a building or other property and the roadway, set apart for pedestrian travel by curbs, barriers, markings, or other delineation. (Ord. 2022-0023 § 2)

**12.24.020   Sidewalk obstructions.**

A.   **No person shall obstruct, or cause to be or obstructed, any sidewalk by erecting, placing or maintaining signs, posts, structures or other obstructions of any kind except as otherwise provided in this code. <u>The city manager may remove such obstructions 8 hours after notice to the owner or person in charge of the obstructions.</u>** If the owner or person in charge of the obstruction cannot be readily located for the purpose of providing notice, the city manager may remove the obstruction to a suitable location and store the obstruction at the expense of the owner or person in charge of the obstruction.

The city manager may enforce this subsection without notice in the event of an immediate threat to the public health, safety, or welfare.

B.   No person, after first being ordered to move by the city manager and being offered a location to place or store the person's possession that is not in violation of the provisions of this code, shall obstruct a sidewalk in a manner that:

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case

1.  Leaves less than four feet of width for the accommodation of pedestrians or vehicles;

2.  Blocks the lawful passage of a vehicle; or

3.  Requires another person or a driver of a vehicle to take evasive action to avoid physical contact.

The city manager may enforce this subsection without first issuing an order to move and offering a location to place or store the person's possession, in the event of an immediate threat to the public health, safety, or welfare.

C.  No person shall conduct or manage any place of business in a manner that hinders or obstructs the free passage of pedestrians along a sidewalk, or that blocks the entrance or prevents free ingress and egress into or from any other place of business.

D.  No person, after first being ordered to move by the city manager and being offered a location to stand, sit, lie, or place an object that is not in violation of the provisions of this code, shall stand, sit, lie, or place an object on any portion of a sidewalk within four feet of the entrance to a building in a manner that blocks the entrance or prevents free ingress or egress into or from the building. However, the city manager may enforce this subsection without first issuing an order to move and offering an alternative location to stand, sit, lie, or place an object, in the event of an immediate threat to the public health, safety, or welfare.

COMPLAINT FOR A CIVIL CASE - PAGE 30

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
=============================================================================

E.  Nothing in this section prevents merchants or persons who receive or deliver goods for a merchant from using the sidewalk in front of the merchant's premises for that purpose. (Ord. 2022-0023 § 2)"

The above is conflicting, under Sacramento County Code, Plaintiff could block the sidewalk up to 72 hours in any one week, and this would be allowed. [It is also Plaintiff's understanding that the due process in Sacramento County is to post a 72-hour notice for removal of "stuff" on the sidewalk.] However, under Sacramento City Code, Plaintiff would be given 8 hours to remove such obstructions. Note, 72 or 8 hours is NOT sufficient Notice under the Constitutional requirement for due process prior to confiscating property and constitutes illegal policy.

### *Punitive Damages*

Also, with regard to Plaintiff seeking punitive damages; under California Civil Code 3294(a) "In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant(s) has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant(s). (c) As used in this section, the following definitions shall apply:

(1) **"Malice" means** conduct which is intended by the defendant to cause injury to the plaintiff or **despicable conduct which is carried**

COMPLAINT FOR A CIVIL CASE - PAGE 31

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
========================================================================

on by the defendant with a <u>willful</u> <u>and conscious</u> <u>disregard of the</u> <u>rights</u> or safety <u>of others.</u>

(2) **"Oppression"** means **despicable conduct that subjects a person to** cruel and **unjust hardship in <u>conscious disregard</u> <u>of that person's</u> <u>rights</u>**.

(3) <u>**"Fraud"** means an</u> <u>**intentional misrepresentation, deceit, or**</u> <u>**concealment of a material fact known to the defendant with the**</u> <u>**intention on the part of the defendant of thereby depriving a person**</u> <u>**of property or legal rights or otherwise causing injury**</u>."

The Defendants are guilty of willful and conscious disregard of the rights of Plaintiff; which constitutes Oppression, Malice and / or Despicable conduct, as defined above. Also, the intentional misrepresentation and misapplication of the law with the intent of depriving Plaintiff of her legal rights also constitutes Fraud, as defined above. Given the level of authority afforded law enforcement officials and judges, Plaintiff is also contending such deprivation of Plaintiff's legal rights constitutes criminal conduct under 18 U.S.C. §242.

California Code of Civil Procedure §337.5 - The Time of Commencing Actions: "Within 10 years: (b) An action upon a judgment or decree of any court of the United States or of any state within the United States." Simply put, from Plaintiff's perspective, the Constitution binds together the states and

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case

federal jurisdiction has overall supervisory authority, on a macro as well as micro level, to ensure the administration of law and dispensing justice.

**In Summary:** As a person who supports law enforcement, this case and the original case, pains Plaintiff greatly; however, even after extensive thought and deliberation, she sees no other viable alternative. Whenever, we the people, fail to adequately take a stand and insist upon our federal civil rights, unfortunately, those rights erode. Consequently, Plaintiff is vehemently arguing for her Constitutional Rights including her right under the First Amendment, to seek redress for violations thereof through this Court, without limit under the First Amendment, and she cannot and will not accept being denied.

While Plaintiff supports good law enforcement as necessary to maintain a civilized society, law enforcement gone awry is a disaster and must be corrected. That law enforcement does NOT adhere to and comply with the law is absolutely heinous and criminal conduct.

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
================================================================================

## III. Statement of Claim

### A. Additional Events

See Exhibit A, according to the Ticket issued to Plaintiff on June 19, 2024 at 12:57PM at 2227 Sierra Blvd., by citing officer Lor, Chayeng, she was in violation of "SCO 12.12.035 Obstr right of wy," which is erroneous.

See the section on **Basis for Jurisdiction and Discussion of other Authorities**. Also, see Exhibit B, Plaintiff's picture of the citing Sacramento Sheriff Deputy, indicated that the citing officer was actually Deputy Bliss not Lor, Chayeng as listed on the ticket. However, Plaintiff was not blocking the sidewalk, but sitting on the side of the end, which was obvious. (Also see Exhibits C and D) Accordingly, given how obviously Plaintiff was NOT blocking the sidewalk, in issuing the citation under 12.12.035 Obstructions at Sidewalks, Deputy Bliss was guilty of Malice, Oppression, and Fraud, under California Civil Code 3294(a).

Under the US Constitution, Plaintiff is free to pursue life, liberty, and happiness as well as equal protection under the law; which includes reasonable use of public sidewalks. At this time, Plaintiff was between vehicles, accordingly, walking, while good exercise, was also her primary means of travel, including transporting her groceries and other personal items, in her bag. [Since there was no bus service on Sierra Blvd, it was Plaintiff's habit, Monday through Friday, to walk west on Sierra Blvd on her way to either Safeway, at 424 Howe Ave, Sacramento, or to Raley's, at 2075 Fair Oaks Blvd, Sacramento, CA 95825, to buy groceries; which were heavy,

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
========================================================================

so she used a bag with wheels to transport her groceries. Then early afternoon, on her way back, she would walk east on Sierra Blvd, always stopping in the shade at the end of the sidewalk for a brief rest and snack, before continuing east on Sierra Blvd. This was / is not the only occasion Plaintiff would stop along her walks and rest in the shade. While it is nice to have a bus-stop bench to sit upon, such is not always available, leaving the sidewalk, or the insect infested ground nearby, which is not public access, to sit upon.] See Exhibit C, a picture of the sidewalk where Plaintiff was sitting, also Exhibit D, same part of the sidewalk with Plaintiff's extra shirt, which she had removed to cool off and draped over her grocery bag, to keep it clean. Plaintiff was sitting just behind her bag enjoying a snack, when Deputy Bliss approached and interrupted her peaceful pursuit of life, liberty, and happiness, and violated her right to equal protection under the law without cause or justification.

As can be clearly seen, Exhibit C shows the end of the sidewalk at 2227 Sierra Blvd. with the way forward detouring to the left on a dirt trail with a few cement stepping stones, then onto the bicycle path. Thereafter, the sidewalk resumes westward, after the driveway just past 2221 Sierra Blvd, see Exhibit G. Accordingly, when Deputy Bliss informed Plaintiff that she was blocking forward passage on the sidewalk, Plaintiff disagreed and contended, **as was obvious to see**, that she was not blocking the sidewalk as she was sitting on the right side at the dead-end. In fact, it was Deputy Bliss who was standing in the middle of the narrow detour trail and obstructing the way forward for

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case

===========================================================================

other pedestrians. See also Exhibit E, the same section of the sidewalk, cleared of vegetation, where it is obvious that even if a person might try to wade through the ivy, the chain-link fence and bushes rendered that direction impassable. See Exhibit F, also, note, the top of the chain-link fence was visible with the ivy, more so in person then in the picture. In emphasis, that means, of course, that Plaintiff was not blocking the sidewalk. Regardless, Deputy Bliss issued Plaintiff, Exhibit A, Notice to Appear, instead of a 72 hour notice to vacate. Plaintiff considers this fraudulent, harassment and a violation of her US Constitutional Civil Rights. Plaintiff was also so disturbed and upset by this blatant harassment and violation of her federal constitutional civil rights that she never again sat there.

A few days later, Plaintiff was once again siting on the sidewalk, this time at 2300 Sierra Blvd, Sacramento, just outside of the Mosaic Law Congregation, a Conservative Jewish Synagogue. Plaintiff was carefully perched on the edge of the curb, with her feet in the gutter, with her grocery bag next to her feet, also in the gutter, resting and cooling off in the shade, while enjoying a snack. Plaintiff made absolutely sure that there was plenty of room for other pedestrians to pass behind her, on the sidewalk, when she was approached by two Sheriff Deputies. Once more, the Deputies hassled Plaintiff. However, again, Plaintiff was doing nothing wrong and was also clearly not blocking the sidewalk. In fact, it was both those Deputies standing on the side walk who were blocking the sidewalk and preventing the passage of other pedestrians. **Again, Plaintiff considers this another violation of**

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
==========================================================================

**her US Constitutional Civil Rights, and harassment, of which she has had enough**. Plaintiff was also so disturbed and upset by this blatant harassment and violation of her federal constitutional civil rights that she never again sat there. However, since Plaintiff was recovering from a sprained ankle, she did need to stop and rest during her walks. After the above described incidents, Plaintiff was so afraid of further harassment, that, instead, she sat on private property, for her short breaks from walking, with no further issues or incidents. [In speaking to property owners, there was no concern that Plaintiff was briefly sitting and resting on their private property, which is safer then on the street, on the way to her destination.] Accordingly, Plaintiff has been deprived of her reasonable use of the public sidewalk; which is her constitutional civil right to pursue live liberty and happiness and equal protection under the law.

Note, when Plaintiff was waiting for a bus, on streets where there is bus service, and there is no bus bench to sit upon, she sits on either the curb or sidewalk, always careful to allow space for others' passage down the sidewalk. [Also, Plaintiff has a different "library bag" which she carries when she walks to and from the library.] She also puts whatever bag she has, which is always too heavy to hold, down on the sidewalk as well; Plaintiff would also note that she is not the only one that does this, really it is very common for other bus riders to sit on the sidewalk waiting for the bus if there is no bus bench. It can be a long wait for the bus and not everyone is able-bodied

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
========================================================================

enough to stand for long periods of time. The idea that this reasonable use of the public sidewalk is now a crime to be ticketed and fined without proper access to an unbiased and independent court is despicable and a heinous violation of federal constitutional civil rights. Plaintiff is asking the court to order the Sheriff's department and the State of California to comply with the law and to stop harassing Plaintiff. If Sheriff Deputies continue to approach her, when she is doing absolutely nothing wrong, she will be filing for a restraining order against the entire Sacramento County Sheriff's Department to compel them to STAY AWAY FROM PLAINTIFF!!!!!!! Honestly, Plaintiff will be so bold as to suggest that Sheriff Deputies focus their time and resources on apprehending real criminals and reducing real crime.

Plaintiff would also note that even if she was blocking the sidewalk, which she was not, corrections of such infractions are addressed under 12.24.020 A ..."The city manager may remove such obstructions 8 hours after notice to the owner or person in charge of the obstructions." Accordingly, Plaintiff should have been given an 8 hour city notice to move, or the county's 72-Hour Notice, not a Notice to Appear in court. Note, there is quite a discrepancy between the City of Sacramento's 8 hours and the County of Sacramento's 72 hours allowed for a defendant to remove identified property. This Court has a duty to ensure consistent compliance to the Federal constitutional civil right to due process prior to confiscation of Property, which includes adequate notice to enable a person to secure counsel and defend their property rights.

COMPLAINT FOR A CIVIL CASE - PAGE 38

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
=================================================================================

Since Plaintiff did not have transportation to the Court for the September 19, 2024 appearance date, see Exhibit H, she made arrangements to participate on-line via Zoom. However, she was denied an opportunity to present her arguments or supporting evidence and the Court ruled against her, see Exhibit I. Plaintiff is contending that, in violation of her US Constitutional rights for due process, she has been denied meaningful access to a competent, independent, and unbiased court.

**B.  The Facts Underlying Your Claim(s)? [Original Case]**

See Exhibit 1. At 10:31am on November 29, 2021 at 1532 Hesket Way, Sacramento California, Deputy Sheriff Oliver #831 issued to Plaintiff a 72-Hour Notice, Vehicle Check/Parking Warning, for the towing of Plaintiff's vehicle.

Note, Plaintiff's vehicle was neither impeding traffic nor a threat to public safety. In fact, Plaintiff's vehicle was parked in allowed street side parking; normally, there is a row of vehicles so parked and usually other nearby residents' vehicles are parked in front of and behind. At that time Plaintiff was also parked close to friends and family that she visited; and at no time has any of the nearby residents raised any issue with Plaintiff that her vehicle is so parked amongst the row of other vehicles.

Specifically, Plaintiff was sitting in the driver's seat, with the driver's window opened an inch or two, the engine was turned off and her car keys were stowed in her purse that she keeps safely stashed. Plaintiff had her cell

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
=========================================================================

phone propped up and she was preparing to view her church's video recorded church services when Officer John Doe and Officer Oliver approached from the rear. With no siren or other notice of their approach, Plaintiff was surprised at their appearance. However, Plaintiff generally supports law enforcement, without which we would live in anarchy and chaos. Accordingly, in compliance with the request of Officer John Doe, Plaintiff opened the vehicle's driver's door, and Officer Doe quickly informed Plaintiff that her vehicle was considered abandoned and that it would be towed the end of the day unless she moved it prior.

Such a unilateral demand, by police officers, who do not have legitimate authority, to confiscate Plaintiff's property without proper legal notice, was actually very threatening and shocked Plaintiff. Plaintiff first questioned how could her vehicle be considered abandoned when she was sitting in it; she then also contended that her vehicle could not be towed unless she was properly noticed.

After Plaintiff's objection to the confiscation of her property without proper notice, Officer Oliver then issued a 72-Hour Notice. See attached Exhibit 1, which indicated that Plaintiff in fact actually had 72 hours to move her vehicle or it would be towed and confiscated.

72 hours is such a miniscule amount of time that it does not meet the elementary and fundamental requirements of due process in any proceeding where notice should be reasonably calculated, under all circumstances to

COMPLAINT FOR A CIVIL CASE - PAGE 40

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
================================================================

apprise interested parties of the pendency of the action and afford them an opportunity and time to prepare and to present their objections.

In order to protect her constitutionally protected civil right to due process prior to confiscation of any property, on December 20, 2021 Plaintiff filed a Complaint and **Request for Injunction** against Defendants. The US District Court of Sacramento as well as the US Court of Appeals for the Ninth Circuit, to date, have failed to uphold Plaintiff's civil rights. (See Exhibits 3 and 4; specifically, the footnote on page 2 of Exhibit 4, which states, 'Because this action was dismissed without prejudice, plaintiff can file a new action with a new complaint including all allegations and defendants plaintiff wishes to name." This is explicitly final, and this case was closed on January 10, 2024. Pursuant to this explicit Judge's / Court orders, Plaintiff is refiling.) The State of California has also failed to adequately supervise their subdivisions.

Consequently, see Exhibit 2, at 10:10am on June 5, 2023, Officer Luna of Sacramento County Code Enforcement attached the original of this document on the window of Plaintiff's vehicle. Plaintiff was harassed further, shortly after 11 AM on June 27, 2023, when Officer Luna of Sacramento County Code Enforcement, approached Plaintiff at her vehicle on Hesket Way, not once, but twice.

Pursuant to Federal Civil Rights, Plaintiff has the right to be free from any violence, or intimidation by threat of violence, committed against persons or property. Defendant's expressions and unlawful notice to confiscated Plaintiff's property constitutes a continued threat against Plaintiff's property

COMPLAINT FOR A CIVIL CASE - PAGE 41

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
================================================================================

and has violated her civil rights. Plaintiff is free to seek redress and the courts should so provide in accordance with the law.

### IV.    Irreparable Injury

Plaintiff's reasonable use of the public sidewalk is in-line with the acceptable use others demonstrate and is her constitutional civil right to pursue life, liberty, and happiness and equal protection under the law. Also, Plaintiff's vehicle is a property interest under which Plaintiff, as an individual, is able to exercise her authority and power over this property to the exclusion of all others. This is a basic property right that entitles the Plaintiff to (1) the right to continue peaceful possession against everyone except someone having a superior right; and (2) the right to recover damages against wrong doers that would interfere with her use of her property.

Plaintiff's use of her vehicle was valuable to her and the loss of such use has caused her an immeasurable hardship.

### V.    Relief

Plaintiff prays for a Court Order mandating that the State of California adequately supervise their subdivisions and require the Constitutionally required due process prior to confiscating citizens' property.

Plaintiff also prays for a Court Order mandating that the Sacramento Sheriff's Department actually comply with the law and stop harassing Plaintiff as she is NOT breaking any law.

COMPLAINT FOR A CIVIL CASE - PAGE 42

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
================================================================

Plaintiff also prays for damages in the amount that covers the loss of her vehicle, the value of the contents, and including her loss of use of both vehicle and contents; as well as punitive damages as Defendant's criminal conduct has been malicious, despicable, and fraudulent.

Plaintiff also prays that the Court will set aside the Notice of Civil Assessment – Failure to Appear, see Exhibit I.

Plaintiff also prays for an amount that represents her pain, suffering, and punitive damages for constant and ongoing harassment by the Sacramento County Sheriff's department whose conduct is not only malicious, despicable, and fraudulent, but criminal as well.

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
======================================================================

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted,

Dated this 11th day of July, 2025.

*Sheila Halousek*

Sheila Halousek, In Pro Se

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case

================================================================

## 72-HOUR NOTICE
## VEHICLE CHECK/PARKING WARNING
Sacramento County Sheriff's Department

An Officer of the Sacramento Sheriff's Department has observed this vehicle parked on a Sacramento County Street/Right-of-way

1552 HESKETT
LOCATION
11/29/21   1:31   6L49275   1FTRW07LX1K   F38412
DATE AND TIME       VEH LICENSE NO./STATE      VIN OR FRAME NUMBER

OLIVER   837
OFFICER AND I.D. NUMBER                         PHONE NUMBER

NOTICE: Your attention is directed to the statement(s) following the box(es) checked:

### CALIFORNIA VEHICLE CODE SECTIONS CITED

22669(a)  Vehicle code provides for removal of a vehicle when an officer has reasonable grounds to believe it has been abandoned.

22669(d)  Vehicle code provides for immediate removal of a vehicle when it is missing parts necessary to operate safely on a public roadway.

☒ 22651(o)  Vehicle code provides for removal of vehicle where registration has been expired for more that six (6) months.

22651(b)  Vehicle code provides for removal of illegally parked vehicles in violation of Sacramento County Ordinance 10.24.150.

22651(k)  Vehicle code provides for removal of a vehicle from a highway after seventy-two (72) hours of continuous parking in violation of Sacramento County Ordinance 10.24.070(b).

22523  Vehicle code prohibits abandonment of a vehicle. Vehicle Code Section 22524 makes the last owner of record liable for the costs of removal and disposition.

Specify Other/Comments: _____

THIS IS NOT A TRAFFIC CITATION
CONTINUED VIOLATION MAY RESULT IN THE TOWING OF THE VEHICLE
Unless the vehicle is immediately put into regular use or removed from the street, it will be towed and stored at your expense.

7400-054c rev 4/12

**EXHIBIT 1**

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case



**72-HOUR NOTICE**

**CODE ENFORCEMENT DIVISION**

This vehicle has been reported as appearing to be abandoned in violation of State law.

CODE SECTIONS CITED

Vehicle Code provides for the removal of a vehicle when an officer has reasonable grounds to believe it has been abandoned.

Vehicle Code provides for the **immediate removal** of a vehicle when it is missing parts necessary to operate safely on a public roadway.

Vehicle Code provides for the **immediate removal** of a vehicle when vehicle registration has been expired for more than six (6) months.

Vehicle Code and/or Sacramento County Code 10.24.070(b) or (j) provides for removal of a vehicle from a highway after seventy-two (72) hours of continuous parking.

Vehicle Code prohibits abandonment of a vehicle. Vehicle Code Section 22524 makes the last owner of record liable for the costs of removal and disposition.

Total charges owed if vehicle is towed $ _____

Specify Other _____

**THIS IS NOT A TRAFFIC CITATION**

Continued violation may result in the towing of the vehicle.

Unless the vehicle is immediately put into regular use and displays current registration, it will be towed at your expense.

**EXHIBIT 2**

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case

========================================================================

## UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

**FILED**

JAN 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Ms. SHEILA HALOUSEK, | No. 23-3010 |
| Plaintiff - Appellant, | D.C. No. 2:21-cv-02351-TLN-DB Eastern District of California, Sacramento |
| v. | |
| SACRAMENTO COUNTY SHERIFF and STATE OF CALIFORNIA, | MANDATE |
| Defendants - Appellees. | |

The judgment of this Court, entered December 15, 2023, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

**EXHIBIT 3 - page 1of 2**

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case

===========================================================================

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Ms. SHEILA HALOUSEK, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> SACRAMENTO COUNTY SHERIFF and STATE OF CALIFORNIA, <br><br> Defendants - Appellees. | No. 23-3010 <br><br> D.C. No. 2:21-cv-02351-TLN-DB <br> Eastern District of California, Sacramento <br><br> ORDER |

Before: RAWLINSON, BYBEE, and HURWITZ, Circuit Judges.

A review of the record demonstrates that this court lacks jurisdiction over this appeal because the order challenged in the appeal is not final or appealable. *See* 28 U.S.C. § 1291; *In re San Vicente Med. Partners Ltd.*, 865 F.2d 1128, 1131 (9th Cir. 1989) (order) (magistrate judge order not final or appealable).

Consequently, this appeal is dismissed for lack of jurisdiction.

All pending motions are denied as moot.

**DISMISSED.**

**EXHIBIT 3 - page 2 of 2**

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case

===============================================EXHIBIT 4—page=====

Case 2:21-cv-02351-TLN-DB   Document 15   Filed 10/06/23   Page 1 of 3

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA HALOUSEK, | No. 2:21-cv-2351 TLN DB PS |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SHERIFF'S OFFICE AND THE STATE OF CALIFORNIA, | |
| Defendants. | |

Plaintiff Sheila Halousek is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff commenced this action on December 20, 2021. (ECF No. 1.) Thereafter, orders served on plaintiff were repeatedly returned as undeliverable. As a result, the undersigned issued findings and recommendations on April 5, 2023, recommending that this action be dismissed without prejudice due to plaintiff's failure to provide a current address. (ECF No. 8.) The findings and recommendations were also returned as undeliverable.

On April 13, 2023, plaintiff filed objections to the findings and recommendations, stating that plaintiff "does not have any address other then that already provided this Court." (ECF No. 9.) On June 5, 2023, plaintiff filed a request to transfer venue in this action. (ECF No. 10.) On June 27, 2023, the assigned District Judge adopted the April 5, 2023, findings and

1

**EXHIBIT 4 - page 1 of 3**

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case

========================================================================= EXHIBIT 4 — page 2 ====

Case 2:21-cv-02351-TLN-DB   Document 15   Filed 10/06/23   Page 2 of 3

recommendations in full, dismissing this action without prejudice, and referring plaintiff's motion to transfer venue to the undersigned for resolution. (ECF No. 11.) Plaintiff's copy of that order was also returned as undeliverable, with a notation that plaintiff had been "Gone for 5 years." On July 5, 2023, plaintiff filed a motion to add a defendant. (ECF No. 12.) On September 27, 2023, plaintiff filed a motion for permission to electronically file documents. (ECF No. 14.)

### I.    Motion to Transfer Venue

Plaintiff's motion to transfer venue asks that this action be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a). (ECF No. 10 at 2.) In the interest of justice a district court may transfer any civil action "to any other district or division where it might have been brought" for the convenience of the parties and of the witnesses. 28 U.S.C. § 1404(a).

Plaintiff's motion fails to establish that this action could have been brought in the Northern District of California. And the amended complaint alleged that the events at issue occurred in this district. (Am. Compl. (ECF No. 4) at 17-18.) Moreover, this action has been dismissed. As such, the undersigned cannot find that transferring this action would serve the convenience of the parties or of the witnesses. Accordingly, plaintiff's motion to transfer venue will be denied.

### II.    Motion to Add a Defendant

Plaintiff's July 5, 2023 motion seeks permission "to include an additional defendant" in this action. (ECF No. 12 at 1.) The motion was not noticed for hearing nor does it include a proposed second amended complaint as required by the Local Rules. See Local Rule 137(c); Local Rule 230(b). Moreover, on June 27, 2023, the assigned District Judge dismissed this action without prejudice. (ECF No. 11.) Plaintiff's motion, therefore, will be denied as having been rendered moot.[1]

////

////

---

[1] Because this action was dismissed without prejudice, plaintiff can file a new action with a new complaint including all allegations and defendants plaintiff wishes to name.

2

**EXHIBIT 4 - page 2 of 3**

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case

=====================================================EXHIBIT 4==page 3====

Case 2:21-cv-02351-TLN-DB   Document 15   Filed 10/06/23   Page 3 of 3

**III.    Motion for Permission to Electronically File**

As noted above, this action has been dismissed. Plaintiff's motion for permission to electronically file is, therefore, denied as having been rendered moot.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 5, 2023 request to transfer venue (ECF No. 10) is denied;

2. Plaintiff's July 5, 2023 motion to add a defendant (ECF No. 12) is denied as having been rendered moot; and

3. Plaintiff's September 27, 2023 motion for permission to electronically file (ECF No. 14) is denied as having been rendered moot.

DATED:  October 6, 2023                    /s/ DEBORAH BARNES
                                           UNITED STATES MAGISTRATE JUDGE


DLB:6
DB\orders\orders.pro se\halousek2351.transfer.ord

3

**EXHIBIT 4 - page 3 of 3**

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case

====================================================================

| SACRAMENTO COUNTY SHERIFF'S OFFICE | ☑MISDEMEANOR 0000647SSOE | | |
|---|---|---|---|
| **NOTICE TO APPEAR** | ☑TRAFFIC ☐NONTRAFFIC | | |

| Date of Violation | Time ☐AM | Day of Week | Report Number |
|---|---|---|---|
| 06/19/24 | 12:57 ☑PM | Wednesday | 24-0195376 |

Name (First, Middle, Last)  ☐ Owner's Responsibility(Veh. Code §40001)

Sheila, Jolaine, Halousek

Address

General Delivery

| City | State/Country | Zip Code | X-Ref No. |
|---|---|---|---|
| Sacramento | CA | 95825 | 2129072 |

| Driver License# | State | Class | Commercial | Age | Birth Date |
|---|---|---|---|---|---|
| N9664454 | CA | | ☐ Yes ☑No | 61 | 05/15/63 |

| Sex | Hair | Eyes | Height | Weight | Race | Juvenile(Phone#) |
|---|---|---|---|---|---|---|
| F | Brown | Green | 508 | 135 | White | |

Veh. Lic. No. or VIN    State    Reg(Mo/Yr) Veh YR    ☐COMMERCIAL VEHICLE (Veh Code § 15210(b))

Make    Model    Body Style    Color    ☐HAZARDOUS MATERIAL (Veh. Code § 353)

Evidence of Financial Responsibility

Registered Owner or Lessee    ☐Same as Driver

Address    ☐ Same as Driver

City    State/Country    Zip Code

Correctable Violation (Veh. Code § 40610)    ☐ BOOKING REQUIRED

| YES NO | Code And Section | Description | Misdemeanor or Infraction (Circle) |
|---|---|---|---|
| ☐☑ | SCO 12.12.035 | Obstr right of wy | Ⓜ I |
| ☐☐ | | | M I |
| ☐☐ | | | M I |
| ☐☐ | | | M I |

Speed APX | PF/Max Spd | Veh. Lmt. | Safe | Radar | ☐ Continuation Form Issued

Location of Violation(s)    City/County of Occurrences
at 2227 Sierra Boulevard    Sacramento  CA

Comments (Weather, Road & Traffic Conditions)    ☐ Accident
Sunny

☐ Violations not committed in my presence, declared on information and belief.

| 06/19/24 | LOR, CHAYENG | 1227 |
|---|---|---|
| Dec Date | Arresting or Citing Officer | Serial No. |
| Dec Date | Arresting Officer, if different from Citing Officer | Serial No. |

**WITHOUT ADMITTING GUILT, I PROMISE TO APPEAR AT THE TIME AND PLACE INDICATED BELOW.**

X Signature

WHEN:    ON OR BEFORE THIS DATE: 09/18/24
WHAT TO DO:    FOLLOW THE INSTRUCTIONS ON THE REVERSE
WHERE:    Carol Miller Justice Center
301 Bicentennial Circle  Room 100 Sacramento, CA 95826
(916) 875-7800, www.saccourt.ca.gov/Traffic
Hours 8:00 am to 4:00 am M-F

**Ticket - Notice to Appear**

**EXHIBIT A page 1 of 2**

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case

**IMPORTANT — READ CAREFULLY**

LOCAL INFORMATION FOR THE CITATION IS AVAILABLE ONLINE AT www.saccourt.ca.gov

**WARNING:** If you fail to appear in court as you have promised, you may be arrested and punished by 6 MONTHS IN JAIL AND/OR A $1,000 FINE regardless of the disposition of the original charge. (Vehicle Code §40508 or Penal Code § 853.7) In addition, any person who fails to appear as provided by law may be deemed to have elected to have a trial by written declaration (in absentia) pursuant to Vehicle Code section 40903(a) upon any alleged infraction, as charged by the arresting/citing officer.

**JUVENILE:** If you were under age 18 at the time the citation was issued, you must appear in court with your parent or guardian.

**COURTESY NOTICE:** A courtesy notice may be mailed to the address shown on your citation, indicating the required deposit of money (bail) that may be forfeited instead of your appearing in court. If you do not receive such courtesy notice, you are still required to comply with the items below by the appearance date.

**WHAT TO DO**

You are required to appear at court for a misdemeanor violation. For all violations, your court date / time / place are on the front of this notice to appear. Have the citation with you when contacting the court. In all infraction cases, you must do one or more of the following for each violation:

- Pay the fine (bail)         • Correct the violation (traffic cases, when applicable)
- Appear in court             • Request traffic school (traffic cases, when applicable)
- Contest the violation       • Request trial by written declaration (traffic cases)

If you do not do one of the above actions, then a "failure to appear" charge will be filed against you (Veh. Code § 40508(a)) and your driver license may be withheld, suspended, or revoked. In some courts, you may be charged an amount in addition to the bail amount and the case may be turned over to a collection agency. (Pen. Code §1214.1)

1. If you do NOT contest the violation:

a. (Pay the bail amount) Contact the court for bail information. You will not have to appear in court. You will be convicted of the violation, and it will appear on your record at the Department of Motor Vehicles (DMV). A point count may be charged to your DMV record and your insurance may be adversely affected.

b. (Traffic school) You may be able to avoid the point count by completing traffic school. You must pay the bail amount, and you may have to pay other fees. Contact the court to request traffic school.

c. (Correctable violations) If the "yes" box is checked on the front of your ticket, the violation is correctable. Upon correction of the violation, have a law enforcement officer or an authorized inspection/installation station agent sign below. (Veh. Code § 40616) Registration and driver license violations may also be certified as corrected at an office of the DMV or by any clerk or deputy clerk of a court. The violation will be dismissed by the court after PROOF OF CORRECTION and payment of a transaction fee are presented to the court by mail or in person by the appearance date. Violations of Vehicle Code section 16028 (automobile liability insurance) will be dismissed only upon (1) your showing or mailing to the court evidence of financial responsibility valid at the time this notice to appear was issued, and (2) your payment of a transaction fee.

**CERTIFICATE OF CORRECTION (MUST BE RETURNED TO COURT)**

| Section(s) Violated | Signature of Person Certifying Correction | Serial No. | Agency | Date |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

2. If you contest the violation (select a or b):

a. (Court trial) Send a certified or registered letter postmarked not later than five days prior to the appearance date or come to the court by the appearance date to request a court trial on a future date when an officer and any witnesses will be present. You may be required to submit the bail amount. Go online or call the court for information on going to court without paying bail. –OR—

b. (Trial by written declaration (traffic cases)) Send a certified or registered letter postmarked not later than five days prior to the appearance date or come to the court on or before the appearance date to request a trial by written declaration. Submit the bail amount. You will be given forms to allow you to write a statement and to submit other evidence without appearing in court. An officer will also submit a statement. The judicial officer will consider the evidence and decide the case.

3. Make check / money order payable to Clerk of the Court. Write your citation number and driver license number on your check or money order. You may pay in person, by mail, or by phone.

4. If "Booking Required" is checked, you must appear for booking on a weekday prior to your court date at 720 Ninth Street, Room 112 between the hours of 9:00 A.M. and 3:30 P.M., and bring the signed verification to your court appearance.

Booking Verification: I declare under penalty of perjury under the laws of the State of California that _____ was booked on

| Defendant's Name | Date | Officer | Serial No. |
|---|---|---|---|

**Ticket - Notice to Appear**

**EXHIBIT A page 2 of 2**

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case



**Sheriff Deputy Bliss    EXHIBIT B**

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case

================================================================



Note, this is the end of the sidewalk at 2227 Sierra Blvd. Pedestrians need to detour

to the left on the dirt trail with a few cement stepping stones available if the trail is

wet and muddy from rain, then walk westward on the bicycle path.

**End of the sidewalk at 2227 Sierra Blvd.    EXHIBIT C**

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
=================================================================================



**End of the sidewalk at 2227 Sierra Blvd.    EXHIBIT D**

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
================================================================



For orientation between the two pictures in Exhibit E and Exhibit F; in the red circle above, see the two slanted branches and top of the chain-link fence. Now see below in Exhibit F, the red circles, in the top circle is the same two slanted branches and the bottom circle shows the top of chain-link fence.

**End of the sidewalk at 2227 Sierra Blvd.    EXHIBIT E**

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
=================================================================



Note, this picture is the same end of the sidewalk as shown in Exhibit E above, just zoomed in to reveal that the chain-link was visible even with the overgrown ivy.

**End of the sidewalk at 2227 Sierra Blvd.    EXHIBIT F**

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case



**Sidewalk resumes west of 2221 Sierra Blvd.    Exhibit G**

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case
=================================================================================

🗑    ✉    ⬇    ⋮

## RE: Public Email: Traffic (citations, fines, traffic school) ➤ Personal ✕    ✕ ⤬ 🖨

**TrafficCustomerService** <TrafficCustomerService@saccourt.ca.gov>         Sep 17, 2024, 11:16 AM    ⭐  ☺  ↩  ⋮
to me ▾

You may reach us via one of the below options (Monday through Friday from 8:00am to 4:00pm):

- Contact our Call Center at 916-669-5712

- Speak to a clerk through our Virtual Public Counter via Zoom at https://www.saccourt.ca.gov/traffic/traffic.aspx (Monday- Friday 8:00am-4:00pm)

- or appear in-person at:
  Carol Miller Justice Center
  301 Bicentennial Circle, Room 100
  Sacramento, CA 95826
  (Monday- Friday 8:00am-4:00pm)

**From:** Sheila Halousek <shalousek@gmail.com>
**Sent:** Tuesday, September 17, 2024 10:10 AM
**To:** TrafficCustomerService <TrafficCustomerService@saccourt.ca.gov>
**Subject:** Public Email: Traffic (citations, fines, traffic school)

I want to contest this as I was not blocking the sidewalk. I do not have transportation for any court appearance. How else do I proceed? Regards, Sheila

**Link to Zoom for Plaintiff's Court Appearance   EXHIBIT H**

Pro Se 2 (Rev. 12/16) Complaint for a Civil Case

=======================================================================

**Superior Court of California, County of Sacramento**

301 Bicentennial Circle, Room 100, Sacramento, CA 95826
(916) 875-7800 | Hours: Monday - Friday 8:30 a.m. - 4:00 p.m. | www.saccourt.ca.gov

## NOTICE OF CIVIL ASSESSMENT - FAILURE TO APPEAR

Sheila Jolaine Halousek
650 Howe Ave Building 300
Sacramento, CA 95825

| | |
|---|---|
| Mailing Date: | 09-19-2024 |
| Case Number: | 24TR060676 |
| Citation Number: | 647SSOE |
| Vehicle Lic: | |
| LEA: | SSD Sacramento Sheriff's Dept |
| Violation Date: | 06-19-2024 |
| Amount Due: (Total Bail) | Appearance Required |

Court records indicate you failed to appear or resolve your case by the due date. As a result, a civil assessment in the amount of $100.00 (pursuant to Penal Code 1214.1) has been added to the amount due. **You must resolve your case by choosing option 1 or 2 below to prevent further collection action. If the amount due is listed as "Appearance Required" you must appear in court on or before the 20th day.**

1.  To clear your case without appearing in court you must pay the above amount due in full or make monthly payment arrangements no later than 20 days from the date of this notice. For payment information please visit: https://services.saccourt.ca.gov/PublicCaseAccess/Traffic.

OR

2.  Appear in court. You have the option to appear in person or by video conference via Zoom. Assistance is available Monday – Friday 8:00 a.m. – 4:00 p.m.
    a.  To appear in person, report to Room 100 **on or before** the 20th day. Court room check in is available between the hours of 8:00 a.m. and 11:15 a.m. and between 1:00 p.m. and 4:00 p.m. You must bring photo identification.
    b.  To appear via video conference, speak with a clerk at the Virtual Public Counter via Zoom on a device with audio and video capabilities. Using the camera or QR code reader on your device, scan this QR code or enter the meeting ID 160 5330 6751 in the Zoom application to enter the virtual waiting room.

The assessment will remain on your case unless you appear in court within 20 days from the date on this notice and show good cause as to why you failed to appear or otherwise resolve your case as required.

If you are experiencing a financial hardship and cannot pay the total fine due for a non-mandatory infraction case, you may ask the Court to reduce the amount you owe based on your ability to pay at MyCitations.courts.ca.gov. When considering an ability to pay application, the judicial officer may exercise their discretion to provide for an installment payment plan, suspension of the fine in whole or part, or completion of community service in lieu of paying the total fine.

**Warning – Trial by Declaration:** If you fail to comply within 20 days, the court will deem your failure to appear as an election to proceed to judgment on the charge(s) with a court trial by declaration as authorized under Vehicle Code section 40903. In addition, the imposed civil assessment will become a final enforceable civil judgment and the entire amount due will be referred for collection.

**Fine – Failure to Appear    EXHIBIT I**